## G. A. WILSON v. J. D. WALLACE.

1. APPEAL. *Board of supervisors. Claim against county. Taxpayers. Section* 2351, *Code of* 1880, *construed.*

   Any taxpayer of a county may appeal from an order of the board of supervisors, allowing a claim against such county, under § 2351, Code of 1880, which provides that "any person who may conceive himself aggrieved by any judgment or decision of the board of supervisors may appeal to the next term of the circuit court."

2. SAME. *Board of supervisors. Party to proceedings.*

   And in such case it is not necessary that the taxpayer who seeks to appeal be technically a party to the proceedings before the board of supervisors.

3. REWARD. *For arrest. Escape from private person. Re-arrest. Section* 3035, *Code of* 1880, *construed.*

   Where a prisoner is arrested by a private person and escapes, and is again arrested by another private person, the latter is entitled to the statutory reward, under § 3035, Code of 1880, which provides that "any person who shall arrest any one who has killed another, and is fleeing, or attempting to flee, before arrest, and shall deliver him up for trial, shall be entitled to one hundred dollars, etc."

APPEAL from the Circuit Court of Holmes County.

HON. C. H. CAMPBELL, Judge.

On May 15, 1882, W. C. Harrington killed one B. W. Phillips, in Holmes County, and fled. In January, 1883, the governor offered a reward of two hundred dollars for his arrest and conviction. In

September, 1883, one Charles Duning, a private detective, arrested Harrington at Texarkana, Texas, without warrant or requisition, and brought him in his custody to Durant, Holmes County, this State. While Duning was proceeding with Harrington from Durant to Lexington, to deliver the latter to the sheriff of Holmes County, he escaped and fled to Alabama. In August, 1885, J. D. Wallace, the appellee in this suit, procured a requisition on the governor of Alabama for Harrington. Wallace proceeded to Alabama, caused Harrington to be arrested, and brought him back to Holmes County and delivered him to the sheriff. Harrington was tried and acquitted at the November term, 1885, of the circuit court. Wallace then moved the court for an allowance of one hundred dollars under § 3035, Code of 1880, which provides that "any person who shall arrest another, who is fleeing or attempting to flee before arrest, and shall deliver him up for trial, shall be entitled to one hundred dollars out of the treasury of the county in which the homicide occurred, upon the allowance of the circuit court and the board of supervisors of such county in the manner provided by law." The court allowed his claim.

On April 24, 1886, the Board of Supervisors of Holmes County allowed the above mentioned claim. G. A. Wilson, a citizen and taxpayer of the county, appeared and resisted the allowance, and upon the order being made for its allowance excepted to it, and from this order appealed to the circuit court. There the case was docketed, G. A. Wilson *v.* J. D. Wallace. A motion was made in the circuit court by Wallace to dismiss the appeal because Wilson was not a party to the proceedings appealed from and had no legal right to appeal. The court overruled the motion. Thereupon the court affirmed the judgment of the board of supervisors, and Wilson appealed.

*Hooker & Wilson,* for the appellant.

An officer is not entitled to this reward, nor is a private person, unless he is the first to arrest, and then not unless he holds his prisoner and delivers him up. Hence a private person is not entitled to the reward if he makes the arrest in the first place but lets his man get away. Now, after the prisoner escapes—or gets

away from a private person or officer who has first arrested him—— is he further the subject of reward by other private persons? We say not, because § 3035 says it must be the first arrest, and this court in *Candler* v. *Itawamba County*, 62 Miss. 194, declares that "By the very terms of the statute the allowance of such a claim is authorized only when some one is arrested who has killed another and is fleeing or attempting to flee *before arrest.*" It is true that Lackey in said case had been arrested and tried and discharged by a justice of the peace, but the court puts no stress (neither does the statute) *on the trial,* it was the *arrest* that prevented the party who subsequently arrested him from getting the reward.

The moment Harrington struck Mississippi soil Duning's arrest of him was lawful, and he had the right to kill Harrington if it was necessary or apparently so to prevent his escape. See §§ 3023– 3026 and 3027, Code of 1880.

*T. M. Miller,* Attorney General, on the same side.

If one charged with a homicide be taken into custody by a private person the arrest is just as complete and valid as if made by an officer.

The purpose of the statute was to stimulate private persons to diligence in arresting fugitives from justice without holding out any sort of inducement to permit escapes. Section 3035 only allows payment of a reward when the fugitive has never been apprehended. If a prisoner has been in custody, as Harrington was, it cannot be said that he has not been arrested, for there can be no custody without arrest.

*T. M. Miller,* Attorney General, also made an oral argument.

*E. F. Noel,* for the appellee.

1. We question here, as we did before the board of supervisors and in the circuit court, appellant's right to appear and conduct any such legal proceeding as he attempts. In appeals from decisions of the board of supervisors by parties aggrieved, the board should be made a party to the action. The concluding sentence of the one section, 2351, regulating such appeals, provides that: "The board of supervisors may employ counsel to defend such appeals, to be paid out of the county treasury."

Manifestly it was not contemplated that a private citizen might appear in behalf of himself or the county, ignore the board of supervisors and its action, except so far as to obtain its attestation to a bill of exceptions, and to conduct at his own pleasure litigation with any one over any amount allowed by the board.

2. Until taken in custody by Wallace under the requisition, Harrington had never been in the custody of any one who had authority to arrest him, nor of any officer.

The statute is intended to offer to private citizens a pecuniary incentive for the arrest of a person who had killed another and was fleeing, and to debar the payment of the reward to more than one individual.

The case of *Candler* v. *Itawamba County* differs from this, in that Candler had been previously arrested and delivered up for trial.

COOPER, C. J., delivered the opinion of the court.

Wilson, being a taxpayer in the County of Holmes, was entitled to appeal from the order of the board of supervisors allowing the claim against the county presented by the appellee. Notwithstanding the fact that his taxes for his proportion of the sum allowed may be small, yet the taxpayers of a county are individually and collectively interested in all cases where claims are presented against the county, since from them must be raised by taxation the money necessary to discharge them. The language of § 2351 of the code is that: " Any person who may conceive himself aggrieved by any judgment or decision of the board of supervisors may appeal to the next term of the circuit court." It is not necessary that the party appealing shall be technically a party to the proceedings before the board. *Deberry* v. *Holly Springs*, 35 Miss. 385.

The appellee was rightly allowed the claim presented.

The purpose of § 3035, Code of 1880, is to stimulate private persons to arrest persons guilty of homicide and seeking to escape from arrest. To remove temptation from its officers to permit collusive escapes, the statute gives the reward only in those cases in which the private citizen may arrest the slayer who " is fleeing or

attempting to flee before arrest." But the arrest here spoken of is not of one made by a private person, but an arrest by its officers charged by law with the duty of acting. When, as in this case, an arrest has been made by one citizen, and the prisoner, escaping from him, is arrested by another, who delivers him to the custody of the proper officer, such other is entitled to the reward named in the statute. When, as in the case of *Candler* v. *Itawamba County*, 62 Miss. 194, the person charged with the crime has been once in the custody of the officers of the law, and is by them discharged or permitted to escape, the reward cannot be claimed by any one who subsequently makes a new arrest.

*Judgment affirmed.*

