## HARVEY *et al. v.* COVINGTON COUNTY.

(Division A. Dec. 14, 1931.)

[138 So. 403. No. 29657.]

**E. L. Dent,** of Collins, for appellants.

Hannah & Simrall, of Hattiesburg, for appellee.

W. U. Corley, of Collins, for appellee.

Argued orally by **E. L. Dent**, for appellant, and by **T. C. Hannah** and **W. U. Corley**, for appellee.

**Cook, J.**, delivered the opinion of the court.

Having insufficient funds in its treasury to pay its legal and undisputed outstanding warrants and other obligations, the board of supervisors of Covington county passed an order for the issuance of bonds in the sum of twenty-seven thousand five hundred dollars, for the purpose of taking up said warrants and other obligations,

as authorized and required by section 5977, Code 1930, which reads as follows: "Every municipality and every county in this state which has or may hereafter have legal and undisputed outstanding warrants or other obligations, and insufficient funds in the treasury to pay them or any of them, is empowered and required to at once prepare for, and take up such warrants and other obligations from the proceeds of serial bonds which shall be issued for such purpose, as is provided by law for issuance of bonds for the payment of outstanding obligations. Such bonds to pay such outstanding obligations shall be issued regardless of the amount thereof, and no election shall be held on the question of the issuance of such bonds for the payment of such obligations, but the prompt issuance of sufficient bonds to pay all of such legal and undisputed warrants or other obligations is made mandatory on such counties and municipalities."

The order of the board of supervisors providing for the issuance of said bonds expressly adjudicated that the county had outstanding against the general county fund in allowed warrants and other legal obligations, the sum of fourteen thousand four hundred twenty-two dollars and ninety-one cents, and against the general county road and bridge fund, the sum of thirteen thousand fifty-six dollars and forty-six cents, amounting in the aggregate to twenty-seven thousand four hundred seventy-nine dollars and thirty-six cents; that there were no funds in the county treasury to pay this outstanding indebtedness or any part thereof; and further found that "upon due and careful investigation all of said unpaid warrants, for which there exists no funds to pay, as well as the legal outstanding obligations are undisputed and are legal and binding obligations and warrants of Covington county, Mississippi, unpaid, now due or owing by said county to the party, or parties to whom said warrants were issued, or legal obligations made and contracted for, as listed." To this order, and as a part

thereof, there was attached an itemized list of the said outstanding warrants and obligations, or claims against the county, there being included therein items of almost every conceivable character or class of county expenses, including the expense of various courts held in the county during the previous year. From this order of the board directing the issuance of the bonds, there was no appeal.

The transcript of the proceedings of the board of supervisors, in the matter of the issuance of these bonds, was regularly referred to the state bond attorney, who rendered an opinion, in writing, addressed to the said board, that the proposed bonds were legal and should be validated; and thereupon, in accordance with the provisions of chapter 10, Code 1930, the transcript and record of the proceedings were duly referred to the chancellor of the district for validation. Thereupon the matter was set for hearing, and proper legal notice to the taxpayers of the date of the hearing was published. On the date fixed for the validation proceeding, certain taxpayers, the appellants herein, appeared and filed objection to the issuance and validation of the bonds, denying the truth or existence of the various facts adjudicated by the board of supervisors, and challenging the validity of most of the items making up the aggregate of twenty-seven thousand four hundred seventy-nine dollars and thirty-six cents outstanding claims against the county; the legal effect of all of these objections being, in their final analysis, to deny that the challenged items "were legal and undisputed outstanding warrants or other obligations against the county." A written answer to, or traverse of, the several objections was filed, and thereby sharp issues of fact were presented.

Upon the trial of the cause, objections were interposed to the testimony offered to substantiate the issues raised by the objections to the validation of the said bonds, and the answer thereto, and the court sustained the objections to this testimony. Thereupon a motion was made to dis-

miss the objections on grounds, in effect, as follows: First, that the objections, as filed, set forth no legal grounds which, if true, would give the chancery court jurisdiction to inquire into them; second, that each and all of the allowances shown by the list included in the order of the board of supervisors had been adjudicated by that board; and, third, that each claim had been adjudicated by the board of supervisors to be a legal, outstanding, and undisputed obligation against the county, and there had been no appeal from that order so adjudging, and that the chancery court was without jurisdiction to pass on the validity of any claim or warrant in question; the only remedy being by appeal to the circuit court—or, in other words, that the objections sought to be interposed in the validation proceedings constituted collateral attacks on the orders of the board of supervisors, and, therefore, were not germane to the issues to be tried in the validation proceeding. The chancellor sustained this motion, and entered a final decree validating the bonds; and from this decree, the objectors appealed to this court.

In the case of Choctaw County v. Tennison (Miss.), 134 So. 900, the court expressly pretermitted the question of whether or not objections interposed in a proceeding to validate bonds proposed to be issued under said section 5977, Code 1930, which challenged the validity of the outstanding warrants and obligations which it was proposed to thereby pay, constituted collateral attacks on the order of the board, and held that the objections there interposed and developed in the record were without merit. The uncertainty as to whether the validity of the items of alleged outstanding warrants and obligations may be challenged and again adjudicated by the chancellor in a validation proceeding seems to have its foundation in the provision of section 313, Code 1930, that upon the hearing of a validation proceeding, the chancellor "may hear additional competent, relevant

and material evidence under the rules applicable to such evidence in the chancery court, so as to inquire into the validity of the bonds or other obligations proposed to be issued, and enter a decree in accordance with his finding.''

In the case of Board of Supervisors v. Holley, 141 Miss. 432, 106 So. 644, 645, the court said in discussing this provision that: ''The statute does not mean, however, that the chancery court is authorized to review in all respects the discretion and judgment of the municipal body issuing the bonds. It is only those orders and judgments which affect the validity of the bonds. As to all others the action of the issuing board or authority is final and conclusive.'' By statute, the board of supervisors is the tribunal to which all claims against the county must be presented for allowance or rejection, and to which is delegated the right and authority to adjudicate the validity of such claims. Section 61, Code 1930, provides that any person aggrieved by any judgment or decision of the board of supervisors may appeal from such order to the next term of circuit court. In the case of Deberry v. President, etc., of Town of Holly Springs, 35 Miss. 385, it was held that under this statute it was not necessary that the aggrieved party desiring to appeal from an order of the board should be a party to the record, while in the case of Wilson v. Wallace, 64 Miss. 13, 8 So. 128, and Ferguson v. Board of Sup'rs of Monroe County, 71 Miss. 524, 14 So. 81, it was held that any taxpayer may appeal from judgments or decisions of the board of supervisors.

The case of Green v. Hutson, 139 Miss. 471, 104 So. 171, was a bond validation proceeding wherein an adjudication by the board that twenty per cent of the qualified electors did not protest against the issuance of the bonds was attacked by objections to the validation of the bonds, and the court held that these objections constituted a collateral attack on the validity of the bonds,

and that the order of the board was conclusive on collateral attack.

In the case of Johnson v. Board of Sup'rs of Yazoo County, 113 Miss. 435, 74 So. 321, there was a collateral attack by injunction on the validity of the proposed bond issue, and the court held that: Where the order of the board of supervisors ordering the issuance of highway construction bonds, shows the jurisdictional facts on its face, its judgment has all the effect of a valid judgment of a court of general jurisdiction, and can only be questioned by a direct proceeding by appeal or certiorari to the circuit court as that court has supervisory jurisdiction of all inferior tribunals, but the chancery court has no such jurisdiction and when the records show jurisdiction in the board of supervisors to pass an order, chancery cannot question the validity of the proceedings. To the same effect was the holding of the court in the case of Borroum v. Purdy Road District, 131 Miss. 778, 95 So. 677, which was a proceeding to validate a proposed issue of bonds.

Section 5977, Code 1930, makes it mandatory for counties and municipalities which have "legal and undisputed outstanding warrants or other obligations, and insufficient funds in the treasury to pay them or any of them," to issue bonds for that purpose. In the case at bar, the order of the board providing for the issuance of bonds, shows on its face all the necessary jurisdictional facts, and expressly adjudicated that the county had "legal and undisputed outstanding warrants or other obligations, and insufficient funds in the treasury to pay them or any of them," amounting to twenty-seven thousand four hundred seventy-nine dollars and thirty-six cents, and listed therein the claims making up the total of these liabilities. The objectors had the right of appeal from this order, but failed to avail themselves of this right. The objections sought to be interposed in the validation proceeding constituted collateral attacks on

the validity of the final judgment of the board of supervisors that the listed claims and obligations were properly payable by the proposed issue of bonds, and the action of the court below in sustaining objections to the evidence offered in support of the objections to the issuance of the bonds, and in sustaining the motion to strike such objections, was correct.

The appellants also contend that it was error for the court below to hear the cause unless and until the state's bond attorney had been notified to appear and attend the hearing. But it does not appear that this objection was in any manner raised in the court below, and aside from that fact, there is no merit in the contention. Chapter 10, Code 1930, which provides for the validation of bonds, does provide that when objections to the issuance of bonds have been filed in any validation proceeding, the bond attorney shall be notified to appear and attend the hearing; but the failure to give this notice, or the failure of the bond attorney to attend the hearing, does not affect the right or power of the court to proceed with the hearing on the date fixed therefor, and does not affect or invalidate any of its proceeding. The powers conferred by this statute upon the state's bond attorney are in no sense judicial, and the duties imposed are merely to advise and assist certain constituted public authorities in the issuance of bonds and the validation thereof. Bacot v. Board of Supervisors, 124 Miss. 231, 86 So. 765. That the act providing for the validation of bonds was not intended to require the attendance of the state's bond attorney at the hearing of the proceedings, and that it was contemplated that he might or might not attend, is apparent from the provisions for the payment of his compensation, wherein it is provided that the payment of a named fee "shall be full compensation for all legal services rendered in connection with the issuance of said bonds, except that when the state's bond attorney attends a hearing of objection to the validation

of said bonds, his actual and necessary expenses in attending the said hearing . . . shall be taxed as a part of the costs of the validation proceedings." (Code 1930, section 317).

The decree of the court below will, therefore, be affirmed.

Affirmed.