WOODS *v.* STATE.

(Division A.   March 14, 1938.)

[179 So. 559.   No. 33061.]

W. F. Latham, of Quitman, for appellant.

**W. D. Conn, jr.,** Assistant Attorney-General, for the State.

Argued orally by **W. F. Latham** for appellant and by **W. D. Conn, jr.,** for the State.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was convicted of grand larceny. The evidence was circumstantial, except a confession which a witness by the name of Miller said the appellant had made to him. It appears from the evidence introduced by the appellant that Miller had stated that he knew nothing whatever about the commission of the crime; that thereafter he was whipped by unknown persons and made to promise to testify as he afterwards did. This was denied by Miller. At the conclusion of the appellant's testimony, the state, in rebuttal, introduced a constable who said that prior to the convening of the court Miller had made the same statement to him that he made when on the witness stand.

As a general rule a witness cannot be corroborated by evidence that on a previous occasion he made a statement, corresponding with his testimony, but the state says that an exception to this rule exists where the witness has been impeached, as Miller was here. If such an exception exists, as to which we express no opinion, the case does not come within it for the reason that it is clear from the evidence that if Miller promised to deliver the testimony because of a whipping administered to him, the statement made by him to the constable was after he made the promise.

Reversed and remanded.