BROWN *et al. v.* BOARD OF SUP'RS OF SIMPSON COUNTY.

(Division B.   April 10, 1939.)

[187 So. 738.   No. 33652.]

**A. M. Edwards,** of Mendenhall, for appellants:

W. M. Lofton, of Mendenhall, for appellee.

Argued orally by **A. M. Edwards,** for appellant, and by **W. M. Lofton,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

At its June 1938 meeting, the Board of Supervisors of Simpson County adopted and spread upon its minutes an order for the issuance of $6000 of funding bonds for supervisor's district number 2 thereof for the purpose of paying a claim of $5700 to the Mississippi Tractor & Equipment Company and a claim of $300 in favor of the Choctaw Culvert & Machinery Company, and which said two claims had been allowed for payment by the board at its December 1937 meeting, and which the said order providing for the issuance of such bonds expressly adjudicates to be legal, valid, and undisputed outstanding obligations of said supervisor's district. The order for the issuance of said bonds also recites that the supervisor's district has no money in the fund from which these claims are payable, or other available funds, to meet the payment of said two claims; and directs the issuance of said bonds under section 5977 of the Mississippi Code of 1930, prescribes the form thereof, and orders the clerk to transmit to the State Bond Attorney a certified copy of the proceedings pertaining to the issuance of said bonds in order that the same might be validated. This order was unappealed from, and is now a final judgment adjudicating the fact that the indebtedness represented by the two claims aforesaid are now due and owing to the two creditors, respectively, hereinbefore named.

The validation proceedings were duly instituted, and a day was set for the hearing before the chancellor upon due notice to the taxpayers interested. The hearing was had as required by law upon the orders and proceedings providing for the issuance of said bonds, the opinion of the State Bond Attorney approving the validity thereof and on the objections filed by the appellants against the entry of a decree of validation. The chancellor rendered a decree validating the bonds, and the objectors appealed.

Appellants contend (1) that the order of the board of supervisors which provides for the issuance of said bonds is void on the alleged ground that the indebtednesses for the payment of which the bonds were to be issued do not constitute valid, legal and undisputed outstanding obligations or indebtedness of said supervisor's district for the reason that such indebtednesses were incurred in violation of section 5979 of the Code of 1930, which prohibits the incurring of an indebtedness unless there is sufficient money at the time in the particular fund from which allowance for the payment thereof is to be made; and (2) because the said order of the board of supervisors failed to adjudicate the necessary jurisdictional fact that the bonds, when added to the outstanding bonded indebtedness of said district, will not exceed ten per centum of the assessed value of the taxable property therein, according to the last completed assessment for taxation.

The position of the appellants on the first proposition above stated is not well taken for the reason that it was held by this court in the cases of Harvey et al. v. Covington County, 161 Miss. 765, 138 So. 403, and Hegwood et al. v. Smith County, Miss. 140 So. 223, that in a proceeding to validate bonds proposed to be issued for the payment of outstanding warrants and obligations the validity of the items of such warrants and obligations cannot be adjudicated by the chancellor; such objections constituting collateral attacks on the orders and judgments of the board of supervisors. The two claims had

been adjudicated by the board of supervisors to be legal, outstanding, and undisputed obligations against the district, and there had been no appeal from that order so thus adjudging. The chancellor was without jurisdiction to pass on the validity of the claims. No testimony in regard thereto was competent; the only remedy being by appeal to the circuit court, within the time and in the manner provided by law. Moreover, section 5979 of the Code of 1930 has no application to outstanding obligations incurred by the county, where there were no funds in the treasury to the account of the proper fund for the payment of such obligations, when they were incurred for expenses in connection with roads and bridges in cases of emergency, such as the testimony of the member of the board of supervisors from that particular district discloses to have existed when these indebtednesses were incurred. Choctaw County v. Tennison et al., 161 Miss. 66, 134 So. 900; Tucker Printing Company v. Attala County, 171 Miss. 608, 158 So. 336.

The failure of the board of supervisors, however, to affirmatively adjudicate in the order here in question that the debt incurred, when added to all of the then outstanding indebtedness of the supervisor's district, both bonded and floating, did not result in the imposition upon any of the property in such district of an indebtedness for road purposes of more than ten percent of the assessed value of such property, as ascertained by the last completed assessment for taxation, constituted fatal error and rendered such order of the board null and void, on its face, and subject to attack in this proceeding, for the reason that it was held in the case of Lee v. Hancock County, 181 Miss. 847, 178 So. 790, 179 So. 559, that boards of supervisors must find as a jurisdictional fact that the proposed funding bonds, when added to a county's outstanding bonded indebtedness shall not exceed ten per centum of the assessed valuation of taxable property within the county, and set forth such fact in its order before the bonds can validly be issued or vali-

dated. The bonds in that case were sought to be issued under section 5977 of the Code of 1930, as in the present case; the only difference being that in the former case the bonds were on behalf of the entire county and the court was applying section 3 of chapter 235 of the Laws of 1932, whereas, in the present case we are applying section 5 of said Act, which relates to a supervisor's district.

So far as this validation proceeding is concerned, it is necessary that we hold that the chancellor was in error in rendering the decree of validation in view of the fact that the order of the board for the issuance of the bonds was void; and also that we reverse the case without prejudice to the right of the county to provide for the pay-of said indebtednesses by the legal issuance of other bonds under said section 5977, or in such other manner as may be authorized by law.

Reversed and decree here for the appellants.