BILOXI-PASCAGOULA REAL ESTATE BOARD, INC., et al. *v.* MISSISSIPPI REGIONAL HOUSING AUTHORTY No. VIII, et al.

No. 40475 May 6, 1957 94 So. 2d 793

April 8, 1957 93 So. 2d 856

*Albert Sidney Johnston, Jr.,* Biloxi; *A. C. Dunn,* Gulfport, for appellant.

*Rushing & Guice, Biloxi; Carl A. Megehee,* Pascagoula; *Jo Drake Arrington,* Gulfport, for appellees.

Lee, J.

Biloxi-Pascagoula Real Estate Board, Inc., a Mississippi corporation, and others, including citizens of both Harrison and Jackson Counties, filed their bill of complaint in which they sought to obtain a temporary injunction to enjoin Mississippi Regional Housing Authority No. VIII and the Boards of Supervisors of Harrison and Jackson Counties from carrying out the provisions of Article 2, Sections 7295-7322-06, inclusive, the "Housing Authority Act", and Article 3, Sections 7323-7342, inclusive, supplementary thereto, Vol. 5A Recompiled, Code of 1942.

The gravamen of the complaint was that the original attempt to create a Housing Authority in 1944 was void; that since that time however the economic condition has been vastly improved; that there was then no need in that area for public housing accommodations; that there were in excess of three hundred private dwellings in Harrison County vacant for lack of tenants; that for the first time, in 1955, eleven years after the creation, the Housing Authority is attempting to proceed with the erection of housing units; that the threatened action will destroy the property rights of the complainants and other owners; that some of the complainants appeared before the Board of Supervisors of Harrison County at its June 1956 meeting and asked the Board to rescind its action, but that their efforts were without avail; that the Board of Supervisors of Jackson County at that time did rescind its former action; and that the Housing and Supplementary Housing Authority Acts are unconstitutional and violate Sections 112 and 182, and other sections of the Constitution of 1890.

The Board of Supervisors of Jackson County filed a motion, based on Section 2955, Code of 1942, to be dismissed as a party to this proceeding, which motion was overruled.

It was shown at the outset of the trial that the attorneys for the defendants, because of having been engaged during the preceding week in other litigation, had been unable to prepare and file answers. For that reason no answer in fact was filed. But they appeared for all of the defendants and contested the issuance of the injunction. The parties have since treated the decree as a decree after final hearing.

The complainants introduced a number of documentary exhibits in evidence. Exhibit No. 1 showed that the Board of Supervisors of Harrison County, by order at its June 1944 term, directed the publication of notice under the Supplemental Housing Authority Act, that it would hold a public hearing at 10 o'clock A. M. on July 7, 1944, at the Courthouse in the City of Gulfport, Mississippi, at which time all interested parties would be granted an opportunity to be heard as to whether there was a need for the creation of a Regional Housing Authority in Harrison, Jackson and eleven other counties, or any two or more of such counties as are contiguous.

Exhibit No. 2 disclosed that the minutes of the July 1944 term of this Board showed that the foregoing mentioned notice was published, as required by law, and due proof of the same was recorded in the minutes, and ''A full opportunity to be heard on the questions set forth in said notice was granted to all residents of the County and to all other interested persons. No witnesses appeared and no evidence was offered on the question set forth in said notice''; and that thereafter a resolution was introduced and adopted which recited that the Board ''having considered the testimony and evidence presented at a public hearing duly held on July 7th,

1944", found, determined and declared the need for the Authority, detailing the prerequisites thereto in four instances, namely (a), (b), (c) and (d), in strict conformity to the Housing Statutes, supra.

Exhibit No. 3 showed that the Board, at its September 1952 term, appointed Francis J. Hursey to succeed C. E. Jacobs as Commissioner.

Exhibit No. 4 showed that the Board, at its November 1955 term, adopted a resolution again reciting that "there exists in the County of Harrison a need for such low rent housing at rents within the means of low income families", and approved the application of the local Authority to the Public Housing Administration for a preliminary loan not in excess of $240,000 for the building of not in excess of seven hundred and fifty dwelling units, describing the location, units and amounts thereof.

Exhibit No. 5 showed that, at the same time, Francis J. Hursey was reappointed Commissioner.

Exhibit No. 6 showed that the Board, at the February 1956 term adopted a resolution authorizing the execution of the cooperation agreement between Harrison County and Housing Authority No. VIII.

Exhibit No. 8 showed that a resolution of the Board of Supervisors of Jackson County, filed November 21, 1955, recited that "there exists in the County of Jackson, Mississippi a need for such low rent housing at rents within the means of low income families", and approved a preliminary loan for not in excess of $265,000 for not in excess of seven hundred and fifty dwelling units, as described therein.

Exhibits Nos. 9 and 10 showed that on February 6, 1956, the Board of Supervisors of Jackson County, by resolution, authorized the execution of the cooperation agreement by the county with Housing Authority No. VIII.

Exhibit No. 11 showed that on July 17, 1956, the Board of Supervisors of Jackson County rescinded its action in adopting and approving the cooperative agreement.

The bill of complaint did not assume to say that the foregoing action by the Board of Supervisors of Jackson County constituted all actions taken by that Board on this subject-matter, nor did the proof so show.

Moody E. Grishman offered to testify to a schedule of the statistical data that he had compiled for the period from 1944 through 1955, with particular reference to Harrison and Jackson Counties, and covering taxes of all kinds, spendable income, population, the total number of all dwelling units, the number occupied and the number vacant. The court sustained an objection to this evidence on the ground that it was not, at that time, a subject of inquiry by the court.

John Lee Gainey, Secretary and Executive Director of the Housing Authority, called by the complainants as an adverse witness, testified that an application was filed with the Public Housing Authority in 1952, and was approved; but that the same did not become operative because of a lack of funds. He said that he received an order of the Board of Supervisors of Jackson County of date of August 8, 1956, which rescinded its former order of rescission. He also testified that the previous actions that had been taken by the boards have been approved by the Public Housing Administration. He explained that the preliminary loan comes from that agency, and that it does not cost the county anything.

At the conclusion of the hearing, the learned chancellor dismissed the bill with prejudice, and the complainants appealed.

In the last analysis, the questions for determination are: (1) Whether the original action of the Board of Supervisors of Harrison County, in declaring the necessity for the county to come under the provisions of the

Act, was void; and if not, (2) whether its subsequent action, by reason of an alleged change in economic conditions, was void.

■■■ By Section 7297, supra, a public body corporate and politic to be known as the "Housing Authority" was created for each county. Quinn v. City of McComb, 212 Miss. 730, 55 So. 2d 479. The determination of the need for the Authority to function was made by the Board of Supervisors on its own motion after notice and the opportunity of all residents and taxpayers of the county to be heard. Nobody appeared and protested against the action. The expression on the minutes, namely, "No witnesses appeared and no evidence was offered on the question set forth in the notice" evidently referred to the lack of opposition to making the Act effective. The notice also stated that: "After such hearing said board of supervisors will determine whether or not there is a need for one Regional Housing Authority to be created for all of such counties." Following the hearing, the board would then determine whether the need existed. Notwithstanding a possible ambiguity as between the minutes and the adopted resolution, the resolution is legal on its face. No appeal was prosecuted under Section 1195, Code of 1942, to the circuit court. Consequently the present action thereon is a collateral attack, and is not maintainable. Hinton v. Board of Supervisors of Perry County, 84 Miss. 536, 36 So. 565; Wolford v. Williams, Tax Collector, 110 Miss. 637, 70 So. 823; Johnson v. Board of Supervisors of Yazoo County, 113 Miss. 435, 74 So. 321; Green v. Hutson, 139 Miss. 471, 104 So. 171; Harvey v. Covington County, 161 Miss. 765, 138 So. 403; In re: Savannah Special Consolidated School District of Pearl River County, 208 Miss. 460, 44 So. 2d 545.

■■■ On the second question, the bill alleged that, when it became publicly known that the Board and Housing Authority No. VIII were intending to apply for

the loans, the complainants, or some of them, appeared before the Board and asked it to rescind its action in declaring the need for the Authority and its approval of the application for the preliminary loans, but without avail. Presumably they presented their case on this question to the Board—they at least had an opportunity to do so—and the Board rejected their contentions. However they did not appeal to the circuit court under Section 1195, Code of 1942. Consequently the present action, in that regard, constitutes a collateral attack, and again it is not maintainable. See the cases cited above.

 Of course, if the orders and resolutions of the board, on their face, had appeared to be null and void, they would have been subject to attack in this proceeding. Lee v. Hancock County, 181 Miss. 847, 178 So. 790, 179 So. 559; Brown v. Board of Supervisors of Simpson County, 185 Miss. 216, 187 So. 738. But the contrary appears. Such orders and resolutions appear to be regular on their face. The appellants evidently could not, for they did not, show them to be null and void.

 In Quinn v. City of McComb, supra, this Court held that: "When the need has been declared, and the authority has been set up, there is no requirement in the Act that like adjudications shall be made from time to time thereafter as new units are constructed." But the boards in this case, just as in that case, continued to declare the existence of the need for the benefits provided for under the Housing Acts. It was not necessary that they should again call for a hearing and determination before they could seek the preliminary loans.

 The Quinn case expressly held that the Housing Authority Act here under question violates neither Section 112 nor Section 182 of the Constitution; and these sections seem to be the constitutional basis from

which stem the appellants' grievances, whether real or fancied.

In view of the conclusion already reached, the cross appeal of Jackson County is now moot, and it is unnecessary to pass upon it and the same is therefore not considered.

Obviously the learned chancellor was correct in his decree, and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Roberds, Ethridge* and *Gillespie, JJ.,* concur.

## ON MOTION TO REINSTATE APPEAL UPON SUBSTITUTION OF A PROPER APPEAL BOND

McGehee, C. J.

On a former day of this Court there was presented a motion to dismiss the appeal in the above styled cause for want of a sufficient appeal bond and upon other grounds. We sustained the motion on the sole ground that the appeal bond did not contain but one surety. We did not pass upon the other grounds assigned on that motion to dismiss the appeal.

It now appears that the appellants have substituted a sufficient appeal bond containing the required number of sureties, and their motion to now reinstate the appeal is sustained, but without prejudice to the appellees to renew their motion to dismiss the appeal upon all or either of the other grounds assigned in their original motion, and which other grounds were not passed upon by the Court, since we deemed that the want of a sufficient appeal bond was a sufficient ground upon which to base our action in sustaining the motion to dismiss the appeal.

Motion to reinstate sustained.

All Justices concur except *Kyle and Arrington, JJ.*, who took no part.