# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-01133-SCT

*COAST MATERIALS COMPANY*

*v.*

*HARRISON COUNTY DEVELOPMENT COMMISSION, DELTA INDUSTRIES, INC. AND HARRISON COUNTY BOARD OF SUPERVISORS*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/26/97 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ALBEN N. HOPKINS |
| | THOMAS CARPENTER, JR. |
| ATTORNEYS FOR APPELLEES: | HARRY R. ALLEN |
| | J. ADRIAN SMITH |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 12/31/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/3/99 |

**BEFORE PITTMAN, P.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. On June 25, 1996, the Harrison County Development Commission ("Commission") resolved to sell a parcel of real property located within the Bayou Bernard Industrial District ("Industrial District") to Delta Industries ("Delta"), a manufacturer of concrete. The Harrison County Board of Supervisors ("Board") entered an order ratifying the Commission's resolution on November 4, 1996. The Commission and Board thereafter conveyed the parcel to Delta by special warranty deed.

¶2. On January 22, 1997 Coast Materials Company, also a manufacturer of concrete, filed suit against the Commission and Delta in the Chancery Court for the First Judicial District of Harrison County. Asserting constitutional and other challenges to the proposed sale, Coast Materials sought injunctive and declaratory relief to enjoin or otherwise nullify the sale of land to Delta. The Chancery Court dismissed the complaint

pursuant to Miss. Code Ann. § 11-51-75, which allows the Circuit Court exclusive jurisdiction over appeals concerning a judgment, order, decision, or action by a county Board of Supervisors.

¶3. On March 10, 1997, the Board entered a second order approving the sale to Delta of a different parcel of land, also within the Industrial District, as a substitution for the parcel previously sold to Delta. Based upon this order, on March 20, 1997 Coast Materials filed a bill of exceptions in the Circuit Court of Harrison County pursuant to Miss. Code Ann. § 11-51-75 (1972). The bill alleged the sale of land to Delta violated a "stated policy" of the Commission to restrict sales within the industrial district to non-manufacturers. Three affidavits in support of the bill of exceptions were attached. The affidavits averred that the Board and Commission, pursuant to such policy, had excluded producers of concrete from purchasing land in the industrial district prior to 1988.

¶4. On May 8, 1997 the Commission filed a motion to dismiss the appeal. The Commission and Delta each filed a motion to strike the affidavits in support of the bill of exceptions on May 14, 1997 and May 15, 1997, respectively.

¶5. On August 26, 1997 the trial court rendered an order and final judgment sustaining the motions to strike the affidavits in support of the bill of exceptions and affirming the decision of the Board of Supervisors to sell the parcel of land to Delta. Coast Materials appeals from this decision.

## STATEMENT OF THE ISSUES

¶6. Coast Materials assigns the following issues on appeal:

**I. WHETHER THE BILL OF EXCEPTIONS FILED BY COAST MATERIALS IS LIMITED TO THE ORDER/RESOLUTION OF THE BOARD OF SUPERVISORS DATED MARCH 10, 1997.**

**II. WHETHER THE TRIAL COURT ERRED IN STRIKING THE ATTACHED AFFIDAVITS FROM THE BILL OF EXCEPTIONS.**

**III. WHETHER A CONCRETE PRODUCER IS AN "INDUSTRIAL OPERATION" WITHIN THE MEANING OF MISS. CODE ANN. § 59-9-5 (1972).**

**IV. WHETHER MISS. CODE ANN. § 59-9-1 IS UNCONSTITUTIONAL BECAUSE IT GIVES AN ADVANTAGE TO ONE BUSINESS OVER ANOTHER.**

**V. WHETHER THE HARRISON COUNTY DEVELOPMENT COMMISSION AND/OR THE HARRISON COUNTY BOARD OF SUPERVISORS DEPRIVED COAST MATERIALS OF EQUAL PROTECTION AND DUE PROCESS RIGHTS.**

**VI. WHETHER THE HARRISON COUNTY DEVELOPMENT COMMISSION AND THE HARRISON COUNTY BOARD OF SUPERVISORS ARE ESTOPPED FROM PERMITTING THE PURCHASE OF HARRISON COUNTY DEVELOPMENT COMMISSION OWNED PROPERTY BY DELTA INDUSTRIES, INC.**

**VII. WHETHER THE DECISION OF THE HARRISON COUNTY DEVELOPMENT COMMISSION AND THE HARRISION COUNTY BOARD OF SUPERVISORS TO**

**SELL THE PARCEL OF LAND WAS ARBITRARY AND CAPRICIOUS.**

¶7. The issues raised by Harrison County Development Commission on cross-appeal will be addressed in the following discussion of the issues raised by Coast Materials on appeal.

### DISCUSSION

### I. COAST MATERIALS' BILL OF EXCEPTIONS SERVES AS A TIMELY CHALLENGE OF THE ORDER/RESOLUTION OF THE BOARD OF SUPERVISORS DATED MARCH 10,1997.

¶8. In its bill of exceptions filed March 20, 1997 Coast Materials attacked the March 10, 1997 resolution of the Commission and order of the Board which in effect conveyed a parcel of land located within the industrial district in substitution for the parcel previously conveyed to Delta on November 4, 1996. In its opinion, the Circuit Court stated, "It is clear that the Bill of Exceptions attacks not the Resolution and Order dated March 10, 1997 substituting one parcel of property for another, but attempts to collaterally attack the original Order and Resolution dated November 4, 1996, which was not appealed from."

¶9. On the contrary, we find Coast Materials' bill of exceptions does not serve as a collateral attack of the November 4, 1996 order and resolution, but instead correctly challenges the decision to sell and subsequent conveyance of land to Delta in March of the following year. Although the conveyances took place four months apart, each parcel was conveyed by Harrison County to Delta by way of special warranty deed. Mississippi Code Annotated § 11-51-75 allows an aggrieved party to appeal any judgment or decision by the county Board of Supervisors within ten days of such decision. Since the March 10, 1997 sale of land to Delta was a decision by the Commission and Board as evidenced by the minutes of its meeting, Coast Materials timely appealed the decision to the Circuit Court.

¶10. In support of its contention that the bill of exceptions is an impermissible collateral attack of the initial sale to Delta, the lower court relies on Miss. Code Ann. § 11-51-75 (1972) which provides in pertinent part:

> Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. . . .

¶11. Since Coast Materials never perfected an appeal of the November 4, 1996 decision of the Commission and Board, the Circuit Court ruled that the appeal of the March 10, 1997 order served as an collateral attack of the previous order. In support of its ruling the lower court relied on *Moore v. Sanders*, 558 So. 2d 1383, 1385 (1990); *South Central Turf, Inc. v. City of Jackson*, 526 So. 2d 558, 561 (1988); and *Biloxi-Pascagoula Real Estate Board v. Mississippi Regional Housing Authority No. VIII*, 231 Miss. 89, 94 So. 2d 793, 796 (1957), each of which is distinguishable from the case at hand.

¶12. In *Moore*, the decision of the Leflore County Board of Supervisors to remove Mr. Moore from the Board was appealed to the Chancery Court of Leflore County which denied Mr. Moore's request for injunctive relief. We affirmed the denial of injunctive relief, reasoning that Miss. Code Ann. § 11-51-75

afforded Moore a complete and adequate remedy at law. **Moore**, 558 So. 2d at 1385. **Moore** does not support the denial of an appeal based on the notion of collateral attack.

¶13. Likewise, we find no support in **South Central Turf, Inc.** which simply provides that the Circuit Court retains exclusive jurisdiction concerning the appeal of a decision of the City of Jackson; therefore, the Chancery Court was correct in denying injunctive relief. **South Central Turf, Inc.**, 526 So. 2d at 561. The issue of whether the Circuit Court retains jurisdiction concerning review of a bill of exceptions is not raised in the instant case; rather, we are to determine whether the latter decision of the Board and Commission may stand alone notwithstanding the earlier decision to sell land to Delta. If so, the latter decision may properly be challenged in the Circuit Court.

¶14. In **Biloxi-Pascagoula Real Estate Board**, the Board of Supervisors of Jackson County published notice to all county residents and interested persons prior to a public hearing to determine the need for a Housing Authority. **Biloxi-Pascagoula Real Estate Board**, 231 Miss. at 94, 94 So. 2d at 794. No witnesses appeared and no evidence was offered in response to the notice. **Id**. After the Board determined there was a need for the Housing Authority, interested citizens filed for a temporary injunction in Chancery Court. We upheld the Chancery Court's denial of a temporary injunction, stating the attack on the Board's decision amounted to a collateral attack in light of the public notice given, the lack of public participation, and the lack of a timely appeal of the decision to the Circuit Court. **Id**. at 98, 798. However, we are not presented with such a situation in the present case.

¶15. Finally, the lower court relied on **In Re Validation of $175,000 General County Funding Bonds v. Board of Supervisors of Jackson County**, 185 So. 2d 420 (Miss. 1966) in support of its denial of Coast Materials' bill of exceptions. Yet it too is distinguished from the present case. The Jackson County Board of Supervisors entered into a contract to have the taxable realty in the county surveyed and appraised. The Board was then authorized by the Mississippi Legislature to issue bonds in order to fund the appraisal. When notice to the taxpayers was published, a county resident filed objections to the validation of the bonds. This Court held the resident could not attack the underlying contract with the appraisers, but could only appeal the Board's decision to issue bonds. **In Re Validation of $175,000 General County Funding Bonds**, 185 So. 2d at 424-425.

¶16. The case *sub judice* concerns an appeal of the decision of the Harrison County Commission and Board to sell real property owned by the county. Although the transaction did in fact substitute one parcel of property for another parcel, it was nevertheless a conveyance evidenced by a special warranty deed which was directly challenged by Coast Materials' bill of exceptions. The fact that Coast Materials did not properly appeal the previous sale of land to Delta is irrelevant. Since Coast Materials challenged the latter decision within 10 days as required by Miss. Code Ann. § 11-51-75, the bill of exceptions was properly before the Circuit Court.

¶17. Although the Circuit Court incorrectly labeled Coast Materials' bill of exceptions as a collateral attack, it nevertheless addressed the merits of the bill of exceptions and found that Coast Materials had no basis to contest the decision of the Commission and Board to sell land located in the Industrial District to Delta. Since the lower court correctly addressed the merits of the bill of exceptions, the error committed is harmless and does not require reversal.

### II. THE TRIAL COURT DID NOT ERR IN STRIKING THE ATTACHED AFFIDAVITS FROM THE BILL OF EXCEPTIONS.

¶18. The affidavits of W. C. Fore, Joe Creel, and Melvin Jolly alleged that the Harrison County Commission, due to its "stated policy" of excluding non-manufacturers from the industrial district, had denied companies owned by the affiants and other similarly situated companies the right to purchase property owned by the Commission. The affidavits refer to no specific denial of a "non-manufacturer" after 1987. Although the affiants' companies were allegedly excluded, none of the three affiants appealed any decision to the Commission or to the Circuit Court of Harrison County.

¶19. This Court has repeatedly held that "[a] Board of Supervisors can act only as a body, and its act must be evidenced by an entry on its minutes. The minutes of the board of supervisors are the sole and exclusive evidence of what the board did." *Nichols v. Patterson*, 678 So. 2d 673, 677 (Miss. 1996)(*quoting Smith v. Board of Supervisors of Tallahatchie County*, 124 Miss. 36, 41, 86 So. 707, 709 (1920)). The minutes of the Board of Supervisors attached to the affidavits evidenced the Commission's decision in 1964 to remove an asphalt company from the industrial district, but the minutes do not indicate the company was excluded because it was a "non-manufacturer". Therefore, since neither the minutes attached to the affidavits nor the affidavits themselves support a "stated policy" of excluding non-manufacturers, the trial judge was correct in finding "[t]he affidavits simply add nothing to the present alleged controversy, rather stricken or not."

### III. A CONCRETE PRODUCER QUALIFIES AN "INDUSTRIAL OPERATION" WITHIN THE MEANING OF MISS. CODE ANN. § 59-9-5 (1972).

¶20. The lower court correctly analyzed two statutes in determining that a concrete producer qualifies as an "industrial operation." First, Miss. Code Ann. § 59-9-19(b) authorizes the Board of Supervisors of any county, acting through its Development Commission, "[t]o sell . . . land acquired for industrial or harbor operations to individuals, firms, or corporations, public or private, for industrial operations . . . " Further, Miss. Code Ann. § 59-9-5, as amended in 1988, states:

> The term "industrial operations" as used in this chapter shall include but shall not be limited to any and all enterprises, the operation of which will aid in the development of fisheries, shipyard operations, commerce, navigation or shipping in the port, as well as all forms of manufacturing enterprises, tourism enterprises, and service enterprises."

¶21. As a concrete producer, Coast Materials is a manufacturing enterprise and therefore qualifies as an industrial operation as contemplated by the language of the statute.[1] In his opinion, the trial judge reasoned: "It is common sense that a concrete producer takes various raw materials and combines the same to produce its concrete product for sale to the consumer. Such is manufacturing by definition. *e. g. Reliance Manufacturing Company v. Barr*, 245 Miss. 86, 146 So. 2d 569 (1962)." The Circuit Court was justified in reaching this conclusion.

¶22. Thus, the Board of Supervisors had the authority pursuant to § 59-9-19(b) to sell land to be used for industrial operations, and since Delta is a concrete producer qualifying as an industrial operation under Miss. Code Ann. § 59-9-5, the sale of land to Delta did not violate applicable statutory law.

### IV. MISS. CODE ANN. § 59-9-1 DOES NOT UNCONSTITUTIONALLY FAVOR ONE BUSINESS OVER ANOTHER.

¶23. It is argued by Coast Materials that § 59-9-1 *et seq.* generally allows the government to favor one

business over another. Specifically, Coast Materials asserts the statutory amendments to Miss. Code Ann. § 59-9-19 (granting the county board of supervisors authority to sell county owned land) and § 59-9-23 (granting the county board of supervisors authority to establish and develop industrial parks) allow the Board to unconstitutionally discriminate between two similarly situated companies because "the statutes as applied by the Commission permit similarly situated companies (ready mix concrete companies) such as Delta, to purchase Commission property while not permitting others to do the same." Coast Materials further argues that since the statutes arbitrarily discriminate and bear no "reasonable relationship to any valid state objective" the statutes should be struck down as unconstitutional. *Lindsey v. Normet*, 405 U.S. 56, 74-79 (1972).

¶24. Section 59-9-1 of the Mississippi Code, entitled "Declaration of public policy", provides:

> It is hereby declared that the public policy of the State of Mississippi is to encourage the expansion and development of Mississippi's harbors and ports.

Through this declaration, the legislature specifically announced a valid state objective underlying the enactment of § 59-9-1 *et seq*. The statutes cited by Coast Materials clearly bear a reasonable relationship to the expansion and development of the state's harbors and ports by authorizing the counties to act in furtherance of that state objective.

¶25. Moreover, we find no discrimination resulting from the application of the statutes. Every contractual transaction which takes place in a competitive business market necessarily prefers one party over another party. The statutes in question allow the counties, acting through the Board of Supervisors and other various agencies, to facilitate the growth and maintenance of the harbors and ports. The mere fact that the county is an active participant in the transaction does not alone trigger a constitutional issue. The sale of land to Delta rather than Coast Materials is within the discretion of the Board of Supervisors and Commission pursuant to Miss. Code Ann. § 59-9-19. The challenged statutes are not unconstitutional as applied.

### V. NEITHER THE HARRISON COUNTY DEVELOPMENT COMMISSION NOR THE HARRISON COUNTY BOARD OF SUPERVISORS DEPRIVED COAST MATERIALS OF EQUAL PROTECTION OR DUE PROCESS RIGHTS.

¶26.Coast Materials first contends that since the minutes of the Commission contain no reason for the alleged change in policy, i.e., suddenly allowing non-manufacturers to operate in the industrial district, the change cannot survive an equal protection challenge. This argument fails because no initial policy of excluding non-manufacturers was proven by Coast Materials. As the trial judge noted, the "policy" must be "spread on the minutes of the governing board (in this case the Board of Supervisors of Harrison County) before a party can rely on the same." Therefore, the Commission was not obligated to provide the public with a reason for an alleged deviation from prior policy because no prior policy had been established in the minutes.

¶27. Coast Materials next asserts a violation of due process stemming from Coast Materials' established liberty interest in the ability to run one's business as free from arbitrary interference as possible. In support, Coast Materials cites *Green v. McElroy*, 360 U.S. 474, 492 (1959), in which the United States Supreme Court stated, "the right to hold specific private employment and to follow a chosen profession free from *unreasonable governmental interference* comes within the 'liberty' and 'property' concepts of the Fifth Amendment." (emphasis added). The record in the present case provides no evidence of any affirmative

governmental action which *unreasonably* interfered with Coast Materials' right to hold specific private employment or follow the ready-mix concrete profession.

¶28. Coast Materials additionally contends the lack of notice concerning the county's change in policy deprived it of the ability to be heard regarding its established liberty interest. Section 11-51-75 of the Mississippi Code allows a ten day period in which to appeal a decision of the county Board of Supervisors. This time period is admittedly short, but Coast Materials was in no way deprived of notice as to the actions of the Board of Supervisors.

¶29. The county Board of Supervisors is a public body whose meetings are open to the public. In ***Tally v. Board of Supervisors of Smith County***, this Court held that Mr. Tally, as an individual and taxpayer of Smith County, was not entitled to notice concerning the Board of Supervisors' decision to renew the leases on two parcels of sixteenth section land. ***Tally v. Board of Supervisors of Smith County***, 323 So. 2d 547 (Miss. 1975). Ruling that constructive notice will suffice to defeat a due process claim, this Court stated:

> Mississippi Code Annotated section 19-3-11 (1972) prescribes the time and place for meetings of the Board of Supervisors (in counties comprising one judicial district, such as Smith County), that being on the first Monday of each month. The statute furnishes constructive notice to the general public as to all regular meetings of the Board of Supervisors and no other notice is required, except where specifically required by statute or in unusual circumstances, in order for the Boards to conduct their business.

***Tally***, 323 So. 2d at 548 (*citing **Byrd v. Byrd***, 193 Miss. 249, 8 So. 2d 510 (1942)). Since Coast Materials was on constructive notice of public board meetings the lower court correctly found no due process violation stemming from lack of notice.

## VI. NEITHER THE HARRISON COUNTY DEVELOPMENT COMMISSION NOR THE HARRISON COUNTY BOARD OF SUPERVISORS IS ESTOPPED FROM PERMITTING THE SALE OF LAND TO DELTA.

¶30. Coast Materials has not proven the existence of a stated policy of excluding non-manufacturers and cannot rely on such to support a theory of estoppel. ***Thompson v. Jones County Community Hospital***, 352 So. 2d 795 (Miss. 1977)(stating it is the responsibility of the party who contracts with the Board of Supervisors to see that the contract terms were properly recorded on the minutes of the board in order to rely on the terms). The affidavits submitted by Coast Materials allege exclusions prior to 1988 but proved no policy-based motive underlying the decisions. Moreover, previous decisions of the Commission and Board deemed improper by Coast Materials were never appealed to the Commission or to the Circuit Court of Harrison County. Therefore, the Commission and Board are not estopped from selling land to Delta due to Coast Materials' reliance on an unproven policy.

## VII. THE DECISION OF THE HARRISON COUNTY DEVELOPMENT COMMISSION AND THE HARRISON COUNTY BOARD OF SUPERVISORS WAS NEITHER ARBITRARY NOR CAPRICIOUS.

¶31. Mississippi Code Annotated section 59-9-19 authorizes the Board of Supervisors, acting through the Commission, to sell land in the industrial district for industrial operations. Delta is a ready-mix concrete

producer which qualifies as an industrial operation. The decision of the Board and Commission to sell land to Delta was neither arbitrary nor capricious as evidenced by the minutes of the meeting during which the decision was made.

## ON CROSS-APPEAL

¶32. The Harrison County Commission, Harrison County Board of Supervisors, and Delta Industries, Inc. assert that the Circuit Court should have dismissed Coast Materials' bill of exceptions as a frivolous appeal. However, Coast Materials properly challenged the March 10, 1997 decision of the Commission and Board to sell a parcel of land to Delta. For this reason, appeal to the Circuit Court was not frivolous.

## CONCLUSION

¶33. Coast Materials properly challenged the March 10, 1997 sale of land to Delta by filing a bill of exceptions with the Circuit Court of Harrison County. The challenge of the latter sale did not constitute a collateral attack of the previous sale to Delta. However, the lower court correctly dismissed Coast Materials' bill of exceptions due to Coast Materials' failure to demonstrate a policy of excluding non-manufacturers from property owned by Harrison County. There being no proven policy of exclusion, Coast Materials could prove no change in the alleged policy upon which it relied. As a result, no damages were demonstrated by Coast Materials through its bill of exceptions or attached affidavits. Finally, Coast Materials raises no valid constitutional challenge regarding the applicable statutes. In light of the aforementioned findings, we affirm the decision of the lower court.

¶34. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS AND SMITH, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. WALLER, J., NOT PARTICIPATING.**

1. The trial court notes Coast Materials is also an "industrial operation" within the meaning of § 7605-12 which was the applicable statute prior to its amendment in 1988. Section 7605-12 provides: "'industrial operations' . . . shall include but not be limited to any and all enterprises, the operation of which will aid in the development of fisheries, shipyard operations, commerce, navigation, or shipping in the port, as well as all forms of manufacturing enterprises." Although Coast Materials falls within the pre-1988 definition, the language of the statute prior to 1988 is minimally relevant in the present case. Harrison County would have been authorized by statute to sell to a concrete producer as a manufacturing enterprise both prior to 1988 and subsequent to the statutory amendment in 1988.