380 So.2d 236 (1980)
E.C. GATLIN
v.
Jerry L. COOK et al.
No. 51643.
Supreme Court of Mississippi.
February 6, 1980.
*237 James J. Fougerousse, Jackson, for appellant.
Cynthia L. Hewes, Jackson, for appellees.
Before SMITH, SUGG and BOWLING, JJ.
SUGG, Justice, for the Court:
The question presented by this appeal is whether the Jackson City Council had the authority to remand a petition to rezone property to the Jackson City Planning Board for a rehearing after the City Council had adopted an ordinance rezoning the property and after an appeal was perfected in the circuit court.
E.C. Gatlin filed a petition (No. 1684) to rezone three lots located at 102 South Park Drive in the City of Jackson from R-1 (single-family) residential district to R-2 (single-family and two-family) district. The City Planning Board denied the petition for rezoning, and on appeal to the City Council, the Council reversed the Planning Board and adopted an ordinance rezoning the property.
On November 3, 1978, an appeal to the Circuit Court of the First Judicial District of Hinds County was filed by the protestants to the petition. On the same day protestants filed a motion with the City Council for a rehearing on the petition to rezone. On January 10, 1979, the City Council granted a rehearing of the petition in zoning case No. 1684 and returned the petition to the City Planning Board for rehearing. On January 24, 1979, the protestants dismissed their appeal to the circuit court.
Section 11-51-75 Mississippi Code Annotated (1972) governs appeals from decisions of municipal authorities. Persons aggrieved by the action or decision of municipal authorities may appeal under this section but we find no authority for aggrieved persons to petition the municipal authorities for rehearing a zoning ordinance adopted by the municipal authorities. The sole remedy of the protestants was by appeal. Accordingly, we hold the Jackson City Council did not have the authority to grant a petition for rehearing.
Moreover, the Jackson City Council could not grant a rehearing because an appeal was pending in the circuit court at the time the order was entered. It is well settled that where a case has been removed to an appellate court by appeal the lower tribunal is divested of any jurisdiction to subsequently modify its order or entertain a *238 petition for rehearing. McGowan v. McCann, 357 So.2d 946 (Miss. 1978); Dunavant Enterprises, Inc. v. Ford, 294 So.2d 788 (Misc. 1974); Crocker v. Farmers & Merchants Bank, 293 So.2d 444 (Miss. 1974). The rule applies with equal force when an appeal is taken from a judgment or decision of municipal authorities.
After the appeal was dismissed, Gatlin filed a petition for writ of prohibition against the members of the Zoning Commission of the Jackson City Planning Board to prohibit them from rehearing petition No. 1684 as directed by the Jackson City Council. A temporary writ of prohibition was issued until a hearing could be held on the merits. On April 13, 1979, the circuit court entered an order dissolving the temporary writ and denying the application for a writ of prohibition. Gatlin appealed from this order contending that the City Council was without authority to order a rehearing.
Having determined the City Council did not have the authority to grant the petition for rehearing, we hold that Gatlin was entitled to a writ of prohibition prohibiting the Zoning Commission of the Planning Board from rehearing the petition to rezone. We therefore reverse and remand and direct the circuit court to issue the writ of prohibition as prayed for in the petition.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.