ROY NOBLE LEE, Presiding Justice,
for the Court:
This minuscule case is appealed from the Circuit Court of Lowndes County. The circuit judge noted, “This case is small enough to be very complicated.” In addition, it originated in the Justice Court where the Justice Court Judge granted a ninety-day delay, urging that the parties (attorneys) meet with the appellant, The Utilities Commission of the City of Columbus (Utilities) and settle the matter. His laudable action was to no avail.
The appellant, John William Robinson, was employed by Utilities as a lineman at wages of ninety-eight dollars ninety-six cents ($98.96) per day and had been so employed for approximately ten (10) years. Thus begins the controversy. According to appellees’ policy, an employee was entitled to two weeks’ vacation, and, when he had been in such employment for ten years, he was entitled to three weeks’ vacation.
Appellant was employed on January 1, 1972, but, since that date was Saturday, a holiday for the Light and Water Department, he did not actually begin work until January 3, the following Monday. On Jan *828 uary 1, 1982, appellant contended that he was entitled to three weeks vacation, while appellees argued that he was two days short of the ten-year period, and not qualified for the extra week’s vacation. Being aggrieved, appellant, by his attorney, filed suit in the Justice Court of District 2, Lowndes County, Mississippi, seeking $989.60, double time, for five days’ vacation pay. The factual question is not before us.
The appellant assigns three (3) errors committed by the lower court. We address only the question of whether or not the circuit judge erred in granting a summary judgment for the appellees.
The sequence of events in the case follow:
(1) Declaration was filed against the City of Columbus in the Justice Court.
(2) The City of Columbus filed a motion to dismiss the cause on the ground that appellant was not an employee of the City, but of Columbus Light & Water Department.
(3) Appellant filed a motion amending and joining the City Utilities Commission of the City of Columbus as a second defendant.
(4) Appellee Utilities filed an answer denying it owed appellant and stated as affirmative matter that there was no contract between appellant and appellees for vacation time. No other affirmative matter was stated.
(5) Justice Court Judge Dale postponed the trial for ninety days, suggesting that the attorneys contact Columbus and Utilities in an effort to settle the case.
(6) At the expiration of ninety days, ap-pellees’ attorney requested Justice Court Judge Dale to grant additional time for action by appellees.
(7) Counsel for appellees notified counsel for appellant that appellees would not settle the cause.
(8) Justice Court Judge Dale sustained a motion to dismiss filed by appellees and dismissed the cause without prejudice.
(9) Appellant appealed to the Circuit Court of Lowndes County. The appeal exceeded by two days the ten-day period provided for appeals from decisions of municipal authorities in Mississippi Code Annotated § 11-51-75, relied upon by appellees.
(10) Appellees filed a motion to dismiss in the Circuit Court of Lowndes County.
(11) The circuit court sustained the motion and entered an order dismissing the cause, stating as reasons that:
1. The defendant is a “municipal authority” within the meaning of § 11-51-75 of the Miss.Code Ann. of 1972, as amended.
2. The plaintiff failed to appeal the decision of the defendant denying the relief which plaintiff requested within ten days from the date of adjournment of the March, 1983 regular meeting of the defendant. The failure to appeal from that decision to this court within ten days from the date of adjournment of that meeting, shall require dismissal with prejudice of plaintiff’s claims against defendant provided that the defendant did not waive its right to object by participation in the case before the Justice Court.
The record before us on these questions is meager and undeveloped at best. Appellate courts work with the material and tools supplied in the record. With what we have, we reach a speedy decision. The lower court erred in sustaining the motion to dismiss appellant’s cause.
The record contains a copy of Art. 2 of the Columbus Code, which creates the “Utilities Commission” of the city and grants unto it general and specific powers. The five members of the Commission are appointed by the City Council, which has the power to remove the members for inefficiency, incompetency or any other good cause. Art. 2 does not contain any grievance or complaints procedure or any claims process. There is no provision for appeals, either to the City Council or to any court. The record and briefs do not indicate any method which would afford help in deter *829 mining the exact status of the Utilities Commission on this question. The attorneys for appellant and appellees were of the opinion that the Justice Court was the proper forum to litigate appellant’s claim. None of them contended that, when Justice Court Judge Dale delayed the trial in his court and suggested a compromise be worked out between the parties, the matter was being transferred to the Utilities Commission for anything other than compromise of the case pending in justice court. In fact, when the Utilities Commission declined to settle the claim, its attorney wrote the following letter to appellant’s attorney:
This letter serves to confirm that the members of the Utility Commission failed to grant the relief requested by your client, Bill Robinson, insofar as his 1982 vacation is concerned. That being the case, I assume that you plan to proceed with the lawsuit in Judge Ellis Dale’s court. If so, please kindly advise me of a date for the hearing after you have obtained one from Judge Dale.
The circuit judge held that the Utilities Commission is a “municipal authority” within the meaning of Miss.Code Ann. § 11-51-75, (1972), as amended. We are of the opinion that it is not such a municipal authority as contemplated by that section, which follows in part:
Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities ....
In sections under Title 21, Miss.Code Ann. (1972), the references to “municipal authority” mean the mayor and board of aldermen, city council, or other such form of government.
Appellees rely upon Mississippi Code Annotated § 31-7-1 (1972), where “governing authority” is defined as follows:
(b) “Governing authority” shall mean boards of supervisors, governing boards of all school districts, all boards of directors of public water supply districts, boards of directors of master public water supply districts, municipal public utility commissions, governing authorities of all municipalities, port authorities, commissioners and boards of trustees of any public hospitals and any political subdivision of the state supported wholly or in part by public funds of the state or political subdivisions thereof.
The above section does not enlarge upon § 11-51-75 to provide an appeal from actions of boards and commissions other than governing authorities hereinabove enumerated.[1] The preamble to § 31-7-1 states: “The following terms are defined for the purposes of this chapter to have the following meanings: ...”
Therefore, since the Utilities Commission of Columbus is not a municipal authority and the appellant’s claim was not a lawful pending claim before a municipal authority, § 11-51-75 is not applicable and the learned circuit judge erred in dismissing the suit based on that section.
Boards and commissions are essential to the operation of a municipality. However, they must be answerable to some higher authority, viz, the authority that creates them, and appoints and discharges the members. Under present law, appeals from grievances originating within the municipality must be from an order of the municipal authorities approving or denying action of a board or commission. Gatlin v. Cook, 380 So.2d 236 (Miss.1980), cited by the parties, does not approve an appeal from a city planning board to the municipal authorities. Planning boards hear matters and make recommendations, which may be accepted or rejected by the City. Whether called an appeal or not, the matter of rezoning was before the City of Jackson and *830 the finding or recommendation of the Jackson City Planning Board was rejected. Moreover, Gatlin was decided on a different question and is not authority in the present case.
The appellant here had a claim, although small and undeveloped, in the courts. He chose the Justice Court as his forum and it was not objected to, or disapproved by, the appellees. So far as the record indicates, the cause was properly before the Justice Court and was appealed from that court to the circuit court, which erred in dismissing the appellant’s suit. The judgment of the circuit court is reversed and the cause is remanded for a trial de novo.[2]
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
PRATHER, J., not participating.

. Mayor and board of aldermen, city council or the equivalent form of municipal government.

. The panel of justices hearing this case on April 10, 1986, announced the decision from the bench at the conclusion of oral argument, stating that an opinion would follow.