526 So.2d 558 (1988)
SOUTH CENTRAL TURF, INC.
v.
CITY OF JACKSON.
No. 57757.
Supreme Court of Mississippi.
June 3, 1988.
*559 Bill Waller, Sr., Cotton Ruthven, Waller & Waller, Jackson, for appellant.
Eugene C. Stone, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ANDERSON and GRIFFIN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
South Central Turf, Inc., has appealed from a June 13, 1986, order of the Circuit Court of the First Judicial District, Hinds County, Mississippi, affirming action of the Jackson City Council in accepting the bid of appellant's competitor and awarding a contract for the rental of golf carts and in dismissing the appeal of appellant from the action of the Jackson City Council. The dismissal was without prejudice as to appellant's right to bring further or different action on the same or similar subject matter in a court of competent jurisdiction.
The appellant contends that the lower court committed four (4) errors in rendering the judgment. We address only the following two (2) assigned errors, which will be combined in this discussion:
I.
THE CHANCERY COURT ERRED IN FINDING LACK OF JURISDICTION ON COMPLAINT REQUESTING INJUNCTIVE RELIEF.
III.
THE CIRCUIT COURT ERRED IN FINDING APPELLANT HAD NOT PERFECTED ITS APPEAL ACCORDING TO STATUTE.

Facts
Appellant South Central Turf, Inc. has been leasing golf carts to the City of Jackson for use at municipal golf courses since 1982. The leasing contract was to expire on February 1, 1986, and, on January 10 and 14, 1986, the City of Jackson advertised for bids on a new contract covering one hundred fifteen (115) golf carts. Bids were received from E-Z-Go Textron, Inc. at $72.00 per cart per month, Duncan Golf Car Sales & Leasing Co., Inc. at $74.85 per cart per month, and appellant South Central Turf, Inc. at $73.00 per cart per month. The City Public Works Director recommended that the E-Z-Go bid be accepted. On April 1, 1986, the Jackson City Council voted unanimously to award the lease contract to E-Z-Go, and on April 8, the Mayor signed the minutes of the April 1 meeting, thereby making the E-Z-Go award official.
On April 15, 1986, appellant petitioned the City Council to review the bids, and on April 29, appellant presented oral argument to the Council in support of the petition, and the matter was referred to the Council's Rules Committee. On May 6, the Rules Committee advised the Council "that the process concerning award of the bid for golf carts is appropriate and no further action be taken."
On May 9, 1986, appellant filed suit against the City of Jackson in the Chancery Court of the First Judicial District of Hinds *560 County, Mississippi, seeking a temporary restraining order and a permanent injunction enjoining the City from executing a lease with E-Z-Go, and also prayed for actual damages. The chancellor issued a temporary restraining order enjoining the City from taking any action regarding the leasing of golf carts, but the chancellor subsequently sustained the City of Jackson's motion to dissolve the injunction. The chancellor held that under Mississippi Code Annotated § 11-51-75 (1972), appellant's exclusive remedy was an appeal to the circuit court, and appellant's complaint was dismissed for lack of jurisdiction. On May 19, appellant moved the chancery court to amend its opinion and to direct that the cause be transferred to the Circuit Court of the First Judicial District of Hinds County as required by Section 162, Mississippi Constitution 1890. The motion was granted and the cause was transferred to the circuit court.
On May 16, 1986, following § 11-51-75, appellant submitted to the City Council for the president's signature a bill of exceptions setting forth its version of the facts. The President of the Council declined to sign the bill of exceptions because it was "argumentative, besides being incorrect." Thereupon, the City attorney drafted a "corrected" bill of exceptions which was signed by the president and forwarded to the circuit court as required by § 11-51-75. A copy of appellant's bill of exceptions (unsigned) was attached as an exhibit to the "corrected" bill.
Appellant moved the circuit court, on May 22, 1986, to issue a stay order enjoining the City from taking any action regarding the leasing of golf carts, which motion was granted pending a hearing on the merits of the bill of exceptions.
The circuit court heard the matter on May 30, 1986, and found that the City's "corrected" bill of exceptions was the only bill properly before the court. The bench opinion set forth:
There was no material variance between the advertised specification and those received in bids. The court is further of the opinion that the appellant has failed to show wherein the City was arbitrary or capricious in awarding this to the satisfaction of this court. For that reason, the court will sustain the City and will dismiss this temporary stay order and will make the further comment that the perfection of this appeal from the City Council was not perfected within the ten-day limitation [of § 11-51-75], Mr. Waller. I believe that is all I have got to say on the subject.

Law
Concisely, the assigned errors present the questions (1) was suit brought in the proper court, and (2) was suit brought within the statutory time limits?
The Chancery Court dismissed appellant's complaint seeking damages and injunctive relief, concluding that appellant's exclusive remedy was appealed under § 11-51-75. That section provides in pertinent part:
Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment. If the judgment be reversed, the circuit court shall render such judgment as the board or municipal authorities ought to have rendered, and certify the same to the board of supervisors or municipal authorities. Costs shall be awarded as in other cases. The board of supervisors or municipal authorities may employ counsel to defend such appeals, to be paid out of the county or *561 municipal treasury. Any such appeal may be heard and determined in vacation in the discretion of the court on motion of either party and written notice for ten (10) days to the other party or parties or the attorney of record, and the hearing of same shall be held in the county where the suit is pending unless the judge in his order shall otherwise direct... .
The statute clearly directs that appeals from judgments or decisions of municipal authorities are to be taken to the circuit court, except where the subject of the appeal is the issuance and sale of bonds, in which case, the appeal is made to the chancery court.[1] Appellant argues that this case does not involve an appeal under § 11-51-75 because the source of its complaint is not a "judgment or decision." We do not agree. Mississippi cases have referred to "actions" of counties and municipalities as appealable events. Saunders v. City of Jackson, 511 So.2d 902 (Miss. 1987); Canton Farm Equipment, Inc. v. Richardson, 501 So.2d 1098 (Miss. 1987); Robinson v. Utilities Comm'n of City of Columbus, 487 So.2d 827 (Miss. 1986); Northwest Builders, Inc. v. Moore, 475 So.2d 153 (Miss. 1985); Gatlin v. Cook, 380 So.2d 236 (Miss. 1980); Cox v. Board of Supervisors of Madison County, 290 So.2d 629 (Miss. 1974). We are of the opinion that any act of a county or municipality leaving a party aggrieved is appealable under § 11-51-75 where, as in the present case, all issues of the controversy are finally disposed of by order of the City Council. See Sanford v. Board of Supervisors of Covington County, 421 So.2d 488 (Miss. 1982).
Appellant relies upon Canton Farm Equipment, Inc. v. Richardson, 501 So.2d 1098 (Miss. 1987), for the proposition that jurisdiction over appeals from municipal actions may lie either in circuit or chancery court. The facts in Canton Farm Equipment and the case sub judice are somewhat similar. In Canton Farm Equipment, the county advertised for bids for the purchase of heavy equipment, i.e., two backhoes. Canton's bid was the lowest, but another bidder was awarded the contract, and Canton brought suit in the chancery court for damages. On the county's motion, the chancellor transferred the cause to the circuit court, citing § 11-51-75. This Court was of the view that subject matter jurisdiction was within either court.
In Canton Farm Equipment, this Court treated the suit as an original civil action and not as a § 11-51-75 appeal, although it acknowledged that the statutory remedy was available. 501 So.2d at 1109-10. The case sub judice is distinguished from Canton Farm Equipment because there the suit was brought not as a § 11-51-75 appeal but as a civil suit for damages against the county supervisors individually and personally under Mississippi Code Annotated §§ 19-13-37 and 31-7-57 (1972). The plaintiff had standing to sue as a taxpayer. The successful bidder was also named as a defendant in the suit, and the scope of the action was much broader than a simple appeal from a Board of Supervisors' decision.
The only defendant in the case sub judice is the City of Jackson. Appellant has not brought an action against the members of the City Council, individually or personally, and the relief sought does not fall under the personal liability provisions of Mississippi Code Annotated § 21-39-25 (1972) [the municipal counterpart to Mississippi Code Annotated § 31-7-57].
We are of the opinion that the action brought by appellant was in form and substance, and for all purposes, an appeal from a decision of the City of Jackson and that exclusive jurisdiction was in the circuit court pursuant to § 11-51-75. Therefore, the chancery court did not err in finding lack of jurisdiction on the complaint requesting injunctive relief.
The second jurisdictional question in this case is whether or not appellant's suit is brought within the statutory time limits, i.e., timely filed. § 11-51-75 requires that "an appeal from a decision of municipal *562 authorities be taken within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision... ."
Appellant filed suit in the chancery court on May 9, 1986. That court held that it had no jurisdiction over the suit, and the cause was dismissed, but later was transferred to the circuit court on May 21, 1986. The bill of exceptions required by § 11-51-75 on appeal to the circuit court was filed in that court on May 29, 1986, within the thirty (30) day period.[2] The transfer to the circuit court became complete with filing the bill of exceptions and that filing related back to appellant's original chancery complaint on May 9, 1986.
In order for appellant's appeal to have been timely perfected under § 11-51-75, the meeting at which the Jackson City Council rendered the decision from which the appeal had to be taken must have been adjourned no more than ten (10) days prior to May 9, 1986, the filing date of the cause in the chancery court. The Council's actions follow:
At its April 1, 1986, meeting, the Council voted to award the golf cart contract to E-Z-Go; that meeting was adjourned on April 1.
On April 8, 1986, the Mayor signed the minutes of the Council's April 1 meeting, evidencing the Council's acceptance of the E-Z-Go bid.
At its April 29, 1986, meeting, the Council heard appellant's argument for reconsideration of bids and referred the matter to its Rules Committee; that meeting was adjourned on April 29.
At its May 6, 1986, meeting, the Council received the recommendation of the Rules Committee that no further action be taken regarding the golf cart matter; that meeting was adjourned on May 6.
Appellant contends that the decision of the City Council was not appealable until it was final, and that date was May 6, 1986, when the Rules Committee recommended that the awarding of the contract to E-Z-Go be affirmed. Appellant relies on Sanford v. Board of Supervisors of Covington County, 421 So.2d 488 (Miss. 1982), which stated:
There can be no valid appeal until there has been a judgment disposing of the case. Our general rule is that in a traditional civil case on appeal from circuit court, all avenues available to an aggrieved party must be exhausted up to and including a judgment denying a new trial.
421 So.2d at 491.
Appellant argues that its petition to reconsider was to the same effect as a motion for new trial. That argument is misplaced.
In Gatlin v. Cook, 380 So.2d 236 (Miss. 1980), the Jackson City Council adopted a rezoning ordinance in favor of Gatlin, and the adverse party, Cook, entered a motion for rehearing which the Council granted. This Court said:
Persons aggrieved by the action or decision of municipal authorities may appeal under this section [§ 11-51-75] but we find no authority for aggrieved persons to petition the municipal authorities for rehearing a zoning ordinance adopted by the municipal authorities. The sole remedy of the protestants was by appeal. Accordingly, we hold the Jackson City Council did not have the authority to grant a petition for rehearing.
380 So.2d at 237.
In Gatlin, the appeal had already been perfected to the circuit court, which would have divested the City Council of any further jurisdiction over the matter, but Gatlin clearly held that the primary ground for reversal was that the City Council was without authority to entertain a motion for rehearing. That question was the ground upon which Gatlin appealed to the circuit court. 380 So.2d at 238.
As in Gatlin v. Cook, the City of Jackson was without authority to reconsider the matter which it had already finally decided *563 on April 8, 1986, when the Mayor signed the minutes of the April 1 meeting, thereby giving effect to the Council's decision to award the contract to E-Z-Go. Mississippi Code Annotated § 21-8-17(2) (Supp. 1987); City of Oxford v. Inman, 405 So.2d 111 (Miss. 1981).
The lower court properly held that appellant's appeal was untimely and that it never acquired jurisdiction over the case. Even so, the lower court proceeded to hear the case and ruled on the merits against appellant. Those proceedings were extra-jurisdictional and void. Ex parte Reed, 100 U.S. 13, 25 L.Ed. 538 (1879).
The judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS, P.J., and ROBERTSON, PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., concurs in results only.
NOTES
[1] The last paragraph of § 11-51-75 dealing with bonds was omitted from the excerpt of the statute set forth above.
[2] The president of the counsel declined to sign the bill of exceptions prepared by appellant, but did sign the City's "corrected" bill of exceptions, and it was filed in the circuit court along with the unsigned bill of appellant.