821 So.2d 900 (2002)
Fred HOOD and Andrea Hood, Appellants,
v.
PERRY COUNTY, Mississippi, Appellee.
No. 2001-CA-00321-COA.
Court of Appeals of Mississippi.
July 16, 2002.
*901 William W. Abbott, Jr., Gulfport, Hugh D. Keating, Gulfport, Attorney for Appellants.
Michael Clayton Barefield, Jackson, Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and BRANTLEY, JJ.
BRIDGES, J., for the court.
¶ 1. Fred and Andrea Hood appeal from a dismissal with prejudice of their action for declaratory judgment against the Board of Supervisors of Perry County. On October 27, 2000, the Hoods filed a complaint seeking a permanent injunction and declaratory judgment against Perry County, Mississippi, in the Perry County Chancery Court. Perry County responded by filing a motion to dismiss on November 6, 2000; the chancery court issued an order granting a temporary injunction against the County, pending the County's correction of the registry, on January 19, 2001, and granted the dismissal.
¶ 2. The Hoods appealed from that dismissal, perfecting an interlocutory appeal on February 20, 2001. On August 6, 2001, the chancery court issued an order and final judgment, dismissing the Hoods' action for declaratory judgment with prejudice.

STATEMENT OF THE ISSUE
DID THE CHANCELLOR ABUSE HIS DISCRETION BY DISMISSING THE HOODS' ACTION FOR DECLARATORY JUDGMENT WITH PREJUDICE?

FACTS
¶ 3. The Perry County Board of Supervisors (the Board) prepared a register of public roads during calendar year 2000 as required by statute. On June 26, 2000, the Board adopted an official map and county road system register. On the map, C.B. Breland Road was correctly identified as crossing the Hoods' property, while the register placed it in an adjacent range, with the correct section and township designations. The Hoods brought suit seeking *902 a declaration that the county had abandoned the road.
¶ 4. The chancellor dismissed the action, while issuing a temporary injunction preventing the county from acting against the Hoods until the error in the register was corrected. The chancellor specifically noted that the Hoods' period of notice for the ten day window of appeal would not begin to run until the Board corrected their error in the register. On January 26, 2001, the Board corrected the error by unanimous motion. The Hoods failed to appeal to the circuit court.

ANALYSIS
¶ 5. The appropriate standard of review for a dismissal with prejudice is abuse of discretion. Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997). The Hoods properly had a single exclusive avenue to appeal the Board's decision: they could, within ten days, appeal to the circuit court. Miss.Code Ann. § 11-51-75 (Rev. 2000). The Hoods, knowing full well that the chancellor had acted specifically to allow them proper notice by issuing the temporary injunction, ignored their exclusive remedy in an attempt to make an end-run around the judicial processes of the State of Mississippi. It is their great misfortune that similar issues have come before the courts of Mississippi in the past.
¶ 6. Proceeding in opposition to a lawful decision of the Board outside of the exclusive remedies available constitutes a collateral attack that will not be maintained. Biloxi-Pascagoula Real Estate Bd. v. Mississippi Reg'l Hous. Auth. No. VIII, 231 Miss. 89, 98-99, 94 So.2d 793, 796-97 (1957). Applying this rule to the extant case, we find that the Hoods did not elect the appropriate and exclusive remedy available to them. Further, the initial dismissal of the action for declaratory relief was proper precisely because it is outside the statutory scheme for appeal. South Cent. Turf, Inc. v. City of Jackson, 526 So.2d 558, 561 (Miss.1988). The statutory scheme has been held to afford "a plain, adequate, speedy, and complete remedy for a judicial determination" of right. Moore v. Sanders, 558 So.2d 1383, 1385 (Miss.1990). Examining these authorities, the chancellor properly dismissed the case. The Hoods's actions amounted to a failure to state a claim upon which relief can be granted, because the circuit court had exclusive jurisdiction over any appeal of the Board's actions.
¶ 7. There is no merit in the Hoods' assertion that the Board's actions do not constitute a judgment or decision that may be appealed to the circuit court. "We are of the opinion that any act of a county or municipality leaving a party aggrieved is appealable under § 11-51-75 where, as in the present case, all issues of the controversy are finally disposed of by order of the [Board of Supervisors]." South Cent. Turf, 526 So.2d at 561. We decline to treat the Hoods' appeal as interlocutory since dismissal of a claim is in fact a final judgment.
¶ 8. Though we find that Hood forfeited his right to appeal from the board's listing of Breland Road as a public road, we should not be read as resolving whether Breland Road may have been abandoned. A part of the properly designated county road system may be the subject of a petition for a declaration of abandonment. Miss.Code Ann. § 65-7-121 (Rev.2001).
¶ 9. For the foregoing reasons, we affirm the judgment of the Chancery Court of Perry County.
¶ 10. THE JUDGMENT OF THE CHANCERY COURT OF PERRY COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
*903 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.