918 So.2d 81 (2006)
Tony PRATT, Appellant
v.
CITY OF GREENVILLE, Mississippi, Appellee.
No. 2003-CA-00970-COA.
Court of Appeals of Mississippi.
January 3, 2006.
*82 John M. Mooney, Jr., Jackson, attorney for appellant.
G. Kenner Ellis, Jr., Greenville, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. Tony Pratt was suspended from his position as a firefighter with the City of Greenville following his arrest on felony charges of conspiracy to report false fire alarms. He was subsequently reinstated when the grand jury failed to indict him on the charge. Pratt filed a complaint and alleged that he was terminated from his position as a firefighter with the City of Greenville without hearing or reasonable cause. The City filed a motion to dismiss or, in the alternative, for summary judgment. Pratt filed a motion for leave to file an amended complaint. The trial court denied Pratt's motion and granted summary judgment in favor of the City.
¶ 2. Pratt appealed the decision to the Mississippi Supreme Court, and the case was reversed and remanded. The court held that the trial judge abused her discretion by denying the motion to amend the complaint. Pratt v. City of Greenville, 804 So.2d 972, 978(¶ 20) (Miss.2001). On remand, Pratt amended his complaint to add a claim under Section 11-46-9(1)(c) of the Mississippi Code Annotated (Rev.2002).
¶ 3. The City then filed its second motion to dismiss or, in the alternative, for summary judgment. Pratt did not file a timely response. Later, he agreed to a stipulated findings of fact and conclusions of law. The trial court adopted the stipulation and granted the City's motion for summary judgment and dismissed the case.

STANDARD OF REVIEW
¶ 4. Our standard of review for the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. McMillan v. Rodriguez, 823 So.2d 1173, 1176(¶ 9) (Miss.2002). This Court employs a de novo standard of review of a lower court's grant or denial of a summary judgment and examines all the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. Id. The evidence must be viewed in the light most favorable to the party against whom the *83 motion has been made. Id. If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Id. Otherwise, the motion should be denied. Id. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says to the opposite. Id. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. Id. That is, the nonmovant should be given the benefit of the doubt. Id.

ANALYSIS
¶ 5. On appeal, Pratt raises three issues: (1) whether the trial court committed error in granting summary judgment in favor of the City and dismissing, with prejudice, all claims; (2) whether Pratt substantially complied with Section 11-46-11 of the Mississippi Code Annotated (Rev.2002); and (3) whether the trial court committed error in allowing the stipulated findings of fact and conclusions of law to be entered, which resulted in the dismissal with prejudice.
¶ 6. The City's motion to dismiss or, in the alternative, for summary judgment was served, by hand delivery, on January 23, 2003. It was set to be heard on February 13. Pratt served his response to City's motion on February 11, eighteen days after the motion was filed. Rule 4.03(2) of the Uniform Rules of Circuit and County Court Practice required that Pratt reply to the motion within ten days. Pratt failed to reply in a timely manner.
¶ 7. On March 5, 2003, the parties, through their trial attorneys, entered into a stipulated findings of fact and conclusions of law. On March 11, 2003, the circuit judge entered a final judgment with prejudice that adopted the stipulated findings of fact and conclusions of law and granted the motion for summary judgment.
¶ 8. In the stipulation, Pratt conceded that there are no genuine issues of material fact in dispute. Further, he admitted that he did not follow the City of Greenville's grievance procedure for employees. As Pratt failed to exhaust his administrative remedies pursuant to Mississippi Code Annotated section 11-51-75 (Rev.2002), the circuit court was without subject matter jurisdiction to hear the case. Hood v. Perry County, 821 So.2d 900, 902 (Miss.Ct.App.2002). In Hood, this Court held that "[p]roceeding in opposition to a lawful decision of the board outside of the exclusive remedies available constitutes a collateral attack that will not be maintained." Id.
¶ 9. Pratt's second issue is whether or not he substantially complied with § 11-46-11, the notice requirement of the Mississippi Tort Claims Act. Pratt's failure to exhaust the administrative remedies renders this issue moot.
¶ 10. Finally, Pratt argues that the trial court erred in allowing him to enter the stipulated findings of fact and conclusions of law, thereby waiving his rights. Pratt voluntarily entered into the stipulation, through his trial counsel's signature. Pratt provides us with no legitimate reason that the trial court should have rejected the stipulation. Pratt offers no law or argument in support of this contention.
¶ 11. Accordingly, we find no error in the circuit court's entry of a summary judgment. We affirm.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
*84 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.